**THE LITIGATION PRACTICE GROUP PC**
17542 17th St., Suite 100
Tustin, CA 92780
Telephone: (949) 715-0644
Facsimile: (949) 415-7816

*Attorneys for Defendant The Litigation Practice Group PC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD JACKSON, individually and on behalf of all others similarly situated, | Civil Action No.: 4:22-cv-00278-MWB |
| Plaintiff, | Hon. Matthew W. Brann |
| v. | |
| THE LITIGATION PRACTICE GROUP PC, | |
| Defendant. | |

**DEFENDANT THE LITIGATION PRACTICE GROUP PC'S
REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

# INTRODUCTION

### A. Standard of Law

When pleading a claim under the TCPA (or any other statute), a plaintiff must include detailed factual allegations. Because courts must check allegations that lack a factual predicate, the Third Circuit has made clear that district courts are "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). The "mere possibility of misconduct [is] insufficient" to satisfy plaintiff's burden. *Forst v. Live Nation Entm't Inc.*, 2015 U.S. Dist. LEXIS 97412, at *4 (D.N.J. July 25, 2015).

The allegations in Plaintiff's Complaint do not approach the requisite "factual content" to "nudge [his] claims across the line from conceivable to plausible," and thus, it should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In short, Plaintiff has failed to plead an injury sufficient to confer Article III standing and has failed to state a claim under the TCPA for which relief can be granted. Dismissal with prejudice is thus warranted.

To survive a motion to dismiss pursuant to FRCP 12(b)(6), a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Thus, while "[a] court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff," it must "disregard legal

conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am.*, Inc., 762 F.3d 332, 334 (3d Cir. 2014); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (internal citations omitted) ("[C]ourts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. *See In re Burlington*, 114 F.3d at 1429. Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness."). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

In considering a motion to dismiss, the Court is not deciding the issue of whether a plaintiff will ultimately prevail but is deciding if the plaintiff is entitled to offer evidence to support claims. *Burkhart v. Knepper,* 310 F. Supp. 2d 734, 744 (E.D. Pa. 2004), citing, *Lake v. Arnold,* 112 F.3d 682 (3rd Cir. 1997).

I.      **PLAINTIFF LACKS ARTICLE III STANDING.**

Although the Parties agree as to the test for Article III standing, they disagree about whether Plaintiff presented enough facts in his Complaint to meet his burden to plead a sufficient injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical") (quotations omitted); *Gill v. Whitford*, 138 S. Ct. 1916,

1929 (2018) (plaintiff is required to plead and prove requirements of Art. III standing). Here, Plaintiff asserts that the phone calls were "unwanted," that "Plaintiff's privacy has been violated," and that the calls caused Plaintiff to be "annoyed and harassed, and in some instances, they were charged for incoming calls." *Id.* at ¶¶ 23, 30, 32. But the law requires he provide "factual content," and not mere conclusory allegations. *Iqbal*, 556 U.S. at 678. Plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III[.]" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

The existence of a federal statute conferring a particular procedural right does not relieve Plaintiff of his obligation to plead a concrete and particularized injury-in-fact. Rather, while plaintiffs "need not allege any additional harm beyond the one Congress has identified" in the statute, they are still required to plead sufficient facts demonstrating they have suffered the kind of harm that the statute purports to vindicate. *Id.* That is precisely what Plaintiff has failed to do here. That other plaintiffs with other injuries have successfully used the TCPA to vindicate their own rights is not evidence Plaintiff has properly pleaded such an injury here.

In particular, Plaintiff seems to believe the Third Circuit case *Susinno v. Work Out World, Inc.*, somehow relieved him of his obligation to sufficiently plead an "injury-in-fact." 862 F.3d 346; *see* ECF No. 9 at 12-13. Plaintiff is wrong. *Susinno* is distinguishable for two primary reasons. First, *Susinno* required that the plaintiff actually "assert[]" and "plead[]" an injury— which the plaintiff there did. 862 F.3d at

4

351. Here, Plaintiff incorrectly pleads, contrary as to how the plaintiff in *Sussino* correctly plead, that "his privacy was invaded and the Third Circuit has held 'that in asserting "nuisance and invasion of privacy" resulting from a single prerecorded telephone call, her complaint asserts "the very harm that Congress sought to prevent," arising from prototypical conduct proscribed by the TCPA.' *Id*.", that Plaintiff's own harm is similar to Sussino's to infer Article III standing. However, that part of the court's opinion in *Sussino* was referring to the type of injury that Congress had proscribed with respect to § 227(b)(2)(C).[1] Congress was referring to prerecorded telephone calls that resulted from the use of an ATDS. But here, Plaintiff's Complaint merely states that a live-person called him while using a similar script, in violation of the Do-Not-Call Registry. *See* ECF No. 1 at 21, 25. Here, Plaintiff failed to include the necessary factual content regarding his alleged "injury." The conclusory allegations Plaintiff has offered here do not suffice.

Second, *Susinno* involved a phone call and a one-minute prerecorded voicemail—as opposed to a live-person reading a mere "similar script", as alleged here. *Id*. at 348. Beyond abstract arguments about the sufficiency of an injury resulting from a telephone call, Plaintiff is still required to plead sufficient "factual content" establishing his injury. Because he has failed to do so, the Complaint should

---

[1] As Plaintiff correctly contends, Plaintiff is not claiming a violation of the TCPA for use of an ATDS but is instead relying on § 227(c). *See* ECF No. 9 at 6-7.

be dismissed for lack of Article III standing.[2]

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER RULE 12(b)(6).

### A. Plaintiff Has Failed to Sufficiently Allege That Defendant Made Two or More Telephone Solicitations Within a 12-Month Period.

Plaintiff alleges that Defendant violated subsection 227(c) of the TCPA. To state a claim for a violation of this subsection, plaintiffs "must plead that (1) they receive[d] multiple calls within twelve months, (2) by or on behalf of the same entity, (3) on a residential phone registered on the [Do Not Call] List." *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (citing *Huber v. Pro Custom Solar, LLC*, No. 19-01090, 2020 WL 2525971, at *2 (M.D. Pa. May 18, 2020)).

This claim fails because the Complaint does not plausibly allege that the Defendant sent the phone calls at issue since Plaintiff has also failed the traceability prong of the Article III standing test. *See Lujan*, 504 U.S. at 559. Absent factual

---

[2] Contrary to Plaintiff's contentions, Defendant also argues Plaintiff has failed to satisfy the traceability prong of the Article III standing test. *See Lujan*, 504 U.S. at 559. Here, while Plaintiff makes conclusory allegations that Defendant sent the phone calls in question, Plaintiff has still failed to include any factual content that links Defendant to those phone calls. While the Court must accept all factual allegations as true, that "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Therefore, in addition to failing to sufficiently plead an injury-in-fact, Plaintiff has also failed to adequately trace his alleged injury to the conduct of Defendant.

allegations about the phone number from which they were sent, Plaintiff cannot plausibly allege that the challenged phone calls were sent by or on behalf of the Defendant. *See Smith*, 2020 WL 5632653, at *3 (citing *Huber*, 2020 WL 2525971, at *2). Here, Plaintiff incorrectly states that by Defendant purportedly placing telemarketing calls to Plaintiff on "January 7, 10, 12, 17, 20, 25, 31, 2022 and February 1, 2022", but without providing any specificity that the number calling Plaintiff was associated with Defendant, *See* Compl. ECF NO. 1, ¶ 20, that somehow that is sufficient to plausibly allege that the phone calls were sent by Defendant. Plaintiff's allegations are not factual allegations, they are conclusory statements. Plaintiff insufficiently claims that its complaint "provides specific details regarding the callers, what was said, the dates of the calls, the specific services offered on the calls, the individual he spoke to when the individual identified himself and that he received an e-mail communication confirming the solicitation call that further promoted the Defendant's website and services." *See* ECF No. 9 at 7. Although Plaintiff is correct that the Court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint," *Mayer v. Belichick*, 605 F.3d 223, 2239 (3d Cir. 2010), it must "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am.*, Inc., 762 F.3d 332, 334 (3d Cir.

2014); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (internal citations omitted) ("[C]ourts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. *See In re Burlington*, 114 F.3d at 1429. Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness."). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Plaintiff's allegations are not factual allegations, they are conclusory statements.

Plaintiff also cites *Toney v. Quality Res., Inc.* 75 F. Supp. 3d 727 (N.D. Ill. 2014), to claim it has made a claim under Rule 12(b)(6). *See* ECF No. 9 at 9. However, in *Toney*, Sempris did not dispute that the initial calls to Toney, which allowed that court to reasonably infer that Quality had made the first three calls to market Sempris's services. *Toney*, 75 F. Supp. 3d at 746. Here, Plaintiff is not alleging that a third party may have made calls on behalf of Defendant to market Defendant's services to Plaintiff. Even if Plaintiff did, there is no indication that such third party would not dispute that it was attempting to market services for Defendant. Moreover, Plaintiff's citing of *Bower v. Nat'l Admin. Serv. Co., LLC*, No. 4:21-CV-00998, 2022 U.S. Dist. LEXIS 48027, (M.D. Pa. Mar. 17, 2022) (Brann, J.), is off the mark. *See* ECF No. 9 at 10-11. *Bower* simply stated that "[t]o start, the logical conlusion at this pleading stage *is* that these identical pre-recorded messages came

from the same source[.]" *Id.* at *5-7. Here however, although the similar scripts that Plaintiff received may have come from the same source, Plaintiff fails to sufficiently allege that the source from which they were derived came from Defendant.

Plaintiff provides no indication that these purported calls were made by Defendant because Plaintiff does not provide the telephone number that made the telephone calls or any indication that such telephone numbers are associated with Defendant. Instead, Plaintiff insufficiently states that a Jason Vickey identified Defendant's company as offering credit relies services—but, importantly, without alleging that this Jason Vickey was an employee, affiliate, agent, and/or a person acting on Defendant's behalf, and that he received an email that promoted Defendant's website. *Id.* at ¶¶ 25, 28. These allegations are plainly insufficient to state a claim because, without providing information as to the telephone number or that the telephone number was associated with Defendant, Plaintiff cannot properly allege that Defendant called him within a twelve-month period, as required by the TCPA. Therefore, Count I of the Complaint should be dismissed. *See Meilleur*, 2011 WL 5592647, at *2 (dismissing cause of action under the TCPA and 47 C.F.R. § 64.1200(c)(2) where "Plaintiff's complaint allege[d] that he received calls from AT&T prior to January 6, 2010, but he fail[ed to] allege that two were made in a twelve month period.").

In sum, Plaintiff has failed to sufficiently allege that Defendants' calls constitute "telephone solicitations" or that Defendants made two or more such calls

within twelve months. Accordingly, Count I of the Complaint should be dismissed.

## CONCLUSION

For the aforementioned reasons and for the reasons discussed in Defendant's Motion to Dismiss Plaintiff's *Complaint*, this Court should dismiss Plaintiff's *Complaint*, with prejudice, for lack of standing and/or for failure to state a claim.

Dated: April 8, 2022            */s/ Jordan M. Kurth, Esq.*

**THE LITIGATION PRACTICE GROUP PC**
17542 17th St., Suite 100
Tustin, CA 92780
Telephone: (949) 715-0644
Facsimile:  (949) 415-7816